Harden SULLIVAN, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 78–3072.

United States Court of Appeals,
Sixth Circuit.

Cause Argued Feb. 6, 1980.

Decided April 3, 1980.

Frank J. Neff, Barkan, Barkan & Neff,
Columbus, Ohio, for plaintiff-appellant.

James Cissell, U. S. Atty., Joseph E.
Kane, James E. Rattan, Columbus, Ohio, for
defendant-appellee.

Before EDWARDS, Chief Judge, WEICK
and BAILEY BROWN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of black
lung benefits to an ex-coal miner who
worked in underground mines for a period
of approximately ten years. He has not
worked since leaving the last mine where
he was employed in 1956.

Appellant, Sullivan, first filed his applica-
tion to establish benefits under the Federal
Coal Mine Health and Safety Act of 1969,
which was denied and denied again on re-
consideration. Sullivan's claim was re-ex-
amined under the 1972 amendment to the
Act, was again denied, and a hearing was
held before an administrative law judge
who found Sullivan ineligible for benefits.
The Appeals Council declined to review the
hearing decision.

Sullivan filed this action in the United
States District Court for the Southern Dis-
trict of Ohio to obtain a court review of the
hearing decision. On the motion of the
Secretary, the case was remanded to the
Appeals Council for further administrative
action. Both Sullivan and the Secretary
introduced new evidence into the record.
By decision of June 22, 1977, the Appeals
Council issued its remand decision affirm-
ing the denial of benefits.

Sullivan resumed his civil action in the
district court which found that the final
decision of the Secretary was supported by
substantial evidence. Sullivan then per-
fected his appeal to this court.

At the outset, we believe that there is
substantial evidence to support the Secre-
tary's finding that Sullivan worked only ten
years in the mines rather than fifteen years
as he contended.

At the hearing before the administrative law judge Sullivan testified to having quit his employment in 1957 because he was smothering and unable to work. Sullivan complained that he had been coughing since he came out of the mines and was constantly short of breath. In addition he testified that he suffered from dizzy spells since leaving the mines and was unable to sleep well due to his breathing. Sullivan's testimony was corroborated by his wife and son.

The medical evidence of record consists of six readings of three chest x-rays, two ventilatory studies, a physical examination, an extensive report of the treating physician, and a paper review of the two ventilatory studies.

Sullivan contends that he is entitled to black lung benefits under Title IV, Part B, of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 801 *et seq.*, as amended by the Black Lung Benefits Act of 1972, 30 U.S.C. § 901 *et seq.* The question for review is whether there is substantial evidence of record to support the Secretary's determination that appellant failed to raise the presumption found in the interim criteria, 20 C.F.R. § 410.490(b)(3), and failed to show his entitlement to benefits under the continuing criteria, 20 C.F.R. §§ 410.412 to 462.

With respect to the interim criteria established by 20 C.F.R. § 410.490, there is no contention that the x-ray evidence establishes a presumption of total disability due to pneumoconiosis under paragraph (b)(1)(i) of the provision. Moreover, contrary to Sullivan's contention, the ventilatory studies in the record do not establish such a presumption under paragraph (b)(3) of such regulation. There were two such studies, one by Dr. Morgan in January, 1973 and one by Dr. Engelman in July, 1975. We agree with Sullivan that the Engelman study, though it was made approximately two years after the date on which disability must be shown (by June 30, 1973), should be considered since it can be some evidence of Sullivan's condition prior to that date (*Begley v. Mathews*, 544 F.2d 1345 (6th Cir. 1976), *cert. denied*, 430 U.S. 985, 97 S.Ct.

1684, 52 L.Ed.2d 380 (1977)). However, the Secretary did consider the Engelman report but determined the negative Morgan report to be more probative. Also, Dr. Esfandiary made a paper review of the Engelman study and concluded that it reflected an inconsistent effort on the part of Sullivan. We therefore conclude that the Secretary's determination that Sullivan had not raised the presumption under 20 C.F.R. § 410.-490(b)(3) is supported by substantial evidence.

Sullivan in addition relies on the continuing criteria, as is allowed under 20 C.F.R. § 410.490(e), to raise a presumption of total disability as a result of pneumoconiosis. (§ 410.490(e) provides that a miner who fails to establish such disability under the interim criteria can seek to establish such under the continuing criteria, 20 C.F.R. §§ 410.412 to 410.462).

Sullivan's initial obstacle in relying on the continuing criteria is that under § 410.-414(b)(3), the presumption provided for can only arise where the miner has shown at least fifteen years of work in the mines, which Sullivan has not done. Nevertheless, this claim may be considered under § 410.-414(c), which provides in general that even though the existence of pneumoconiosis can not be established under paragraphs (a) and (b) of this regulation, it may be established by "other relevant evidence" showing "totally disabling chronic respiratory or pulmonary impairment." Here Sullivan points to an opinion given by Dr. Leedy, a treating physician, in 1971 to the effect that he was disabled due to several conditions, one of which was chronic obstructive lung disease. He also points to the opinion by Dr. Engelman in 1975 to the effect that Sullivan had a "mild but definite obstructive pulmonary disease" as of June 30, 1973. However, Dr. Fleming opined in March, 1973, that he found "no evidence of a chronic respiratory or pulmonary disease that would prevent coal mine work."

The Secretary decided that the Fleming opinion, together with the other evidence submitted, was better evidence of Sullivan's condition on June 30, 1973 than were the

Engelman and Leedy opinions. We determine such ruling by the Secretary is supported by substantial evidence.

The judgment of the district court therefore will be and the same is hereby affirmed.